# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

FILED BY ___ D.C.
05 AUG 31 PM 3: 52
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

**FRANCES UTTILLA, et al.,**

    Plaintiffs,

vs.

    Case No. 98-2729 D An

**CITY OF MEMPHIS, et al.,**

    Defendants.

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that the parties have notified the court that they have resolved their dispute, however, they are completing the paperwork to memorialize the resolution. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

further administration. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this _31_ day of _August_, 2005.

_____
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 386 in case 2:98-CV-02729 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

L. Oneal Sutter
HARRILL & SUTTER, PLLC
P.O. Box 26321
Little Rock, AR 72221

Paul Pfeifer
HARRILL & SUTTER, PLLC
P.O. Box 26321
Little Rock, AR 72221

Lucien Gillham
HARRILL & SUTTER, PLLC
P.O. Box 26321
Little Rock, AR 72221

Sherri A. McDonough
LANE MUSE ARMAN & PULLEN
P.O. Box 758
Hot Springs, AR 71901

Christopher Gomlicker
HARRILL & SUTTER, PLLC
P.O. Box 26321
Little Rock, AR 72221

Fred E. Jones
CITY ATTORNEY'S OFFICE-Memphis
125 N. Main Street
Ste. 314
Memphis, TN 38103

Sara L. Hall
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT